# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

September 4, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Erica W. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. 25-2615-CDA

Dear Counsel:

On August 7, 2025, Plaintiff Erica W ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2025). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 11 and 14). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both motions, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

## I. <u>PROCEDURAL BACKGROUND</u>

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on November 16, 2020, alleging a disability onset of October 21, 2019. Tr. 17. Plaintiff's claims were denied initially and on reconsideration. *Id.* On April 16, 2024, an Administrative Law Judge ("ALJ") held a hearing. *Id.* Following the hearing, on August 12, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 14. The Appeals Council denied Plaintiff's request for review, Tr. 1, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II. <u>THE ALJ'S DECISION</u>

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

[1] 42 U.S.C. §§ 301 et seq.

The ALJ must evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since October 21, 2019, the alleged onset date." Tr. 19. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "neurofibromatosis, benign neoplasm of the spinal cord, central nervous system disorder, right knee chondrocalcinosis, degenerative disc disease, leiomyoma of the uterus, asthma, and carpal tunnel syndrome of the right upper extremity." Tr. 19. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 20. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can occasionally push and pull with the right lower extremity. She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant can never climb ropes, ladders, and scaffolds. She can frequently reach overhead, laterally, and in all directions with the bilateral upper extremity. The claimant can frequently handle with the right upper extremity. The claimant must avoid concentrated exposure to fumes, odors, dusts, and gases, as well as moderate exposure to hazards, such as dangerous machinery and unprotected heights. The claimant requires the use of a cane for ambulation.

Tr. 21. The ALJ determined that Plaintiff was unable to perform past relevant work as a Composite Job: Merchant Patroller (DOT[2] #372.667-038) and Material Handler (DOT #929.687-030), but could perform other jobs that existed in significant numbers in the national economy. Tr. 24-25. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 26.

---

[2] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

## III. LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review extends to only whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. ANALYSIS

Plaintiff raises four arguments on appeal. According to Plaintiff, the ALJ erred in assessing her RFC by (1) not providing a narrative discussion citing the evidence that explained their conclusions; (2) misplacing reliance on the opinions of the state agency physicians; (3) failing to address Plaintiff's abilities to work for eight-hours a day, five days per week; and (4) erroneously evaluating Plaintiff's subjective complaints. ECF 11, at 8, 9, 11, 13. Defendant counters that substantial evidence supports the ALJ's decision and that the ALJ generously credited Plaintiff's subjective complaints. ECF 14, at 1.

After careful review of the record, the Court determines that the ALJ erred in assessing Plaintiff's RFC. A claimant's RFC represents "the most [they] can still do despite [their] limitations." 20 C.F.R. § 416.945(a). In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). Pursuant to Social Security Ruling ("SSR") 96-8p, an RFC assessment must include an evaluation of a claimant's ability to perform the physical functions listed in 20 C.F.R. § 416.945(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that "may reduce [a claimant's] ability to do . . . work." 20 C.F.R. § 416.945(b); *see* SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996).

Only after such an analysis may an ALJ express RFC in terms of the exertional level of work that the ALJ believes the claimant can perform. *See Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). As *Dowling* explains, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." 986 F.3d at 387 (alteration in original) (citation omitted). Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

The RFC here includes nine conclusions, finding that Plaintiff can:

(1) perform sedentary work as defined in 20 CFR 404.1567(a);

(2) can occasionally push and pull with the right lower extremity;

(3) can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl;

(4) can never climb ropes, ladders, and scaffolds;

(5) can frequently reach overhead, laterally, and in all directions with the bilateral upper extremity;

(6) can frequently handle with the right upper extremity;

(7) must avoid concentrated exposure to fumes, odors, dusts, and gases;

(8) must avoid moderate exposure to hazards, such as dangerous machinery and unprotected heights; and

(9) requires the use of a cane for ambulation.

Tr. 21. At no point in the RFC discussion of Plaintiff's medical history (including relevant medical records, subjective testimony, and medical opinions), does the ALJ provide a narrative discussion describing the evidence that supports these nine conclusions. The ALJ simply expressed a laundry list of the evidence in the record without differentiating and explaining which evidence supported which, if any, conclusions. *Id.*, at 20-24. When a summary of an administrative record that, like the one here, fails to both identify the evidence supporting the RFC and build an accurate and logical bridge from that evidence to conclusions in the RFC, Court cannot conduct a meaningful review of the ALJ's decision. *Susan T. v. Soc. Sec. Admin.*, No. 17-0026, 2018 WL 4655753, at *14 (W.D. Va. Sept. 27, 2018); *Hassell v. Berryhill*, No. 16-52-D, 2017 WL 3707574, at *5 n.5 (E.D.N.C. Aug. 9, 2017).

While the ALJ identifies certain medical opinions and assigned generally persuasive value to them, the RFC discussion fails to provide a narrative explaining, for example, how medical record supported the opinions of the physicians and how they specifically apply to nine limitations addressed. Instead, the ALJ only assigned a level of persuasion to each physician, noted their ultimate opinion, and wrote that "[Plaintiff] is limited to a reduced exertional level due to the combined effects of neurofibromatosis, benign neoplasm of the spinal cord, central nervous system disorder, right knee chondrocalcinosis, degenerative disc disease, leiomyoma of the uterus, asthma, and carpal tunnel syndrome of the right upper extremity."

In short, "[m]uch of the ALJ's RFC assessment was devoted to summary and not enough to analysis." *Lacek v. Colvin*, No. CBD-13-2046, 2014 WL 2865992, at *8 (D. Md. June 23,

2014). Of course, "the duty of explanation is not intended to be a mandate for administrative verbosity or pedantry." *Piney Mountain Coal Co. v. Mays*, 176 F.3d 753, 762 n.10 (4th Cir. 1999). But there must be sufficient detail in the analysis—as well as the recitation of evidence—to permit a court to discern why the ALJ reached their conclusion and whether substantial evidence supports it. *Id.*; *Lacek*, 2014 WL 2865992, at *8. The Court lacks the information necessary to do so here.

Because the case is being remanded on other grounds, I need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V. CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 11, is DENIED and Defendant's motion for summary judgment, ECF 14, is DENIED, and Plaintiff's alternative motion for remand, ECF 11, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge